IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KAREN K. CONNER                                                                                    PLAINTIFF

V.                                           NO.  1:03CV00040 JWC

JO ANNE B. BARNHART,                                                                        DEFENDANT
Commissioner, Social
Security Administration

ORDER

Plaintiff has filed a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, (docket entry #22 [1-2]).  Plaintiff seeks an EAJA award for 20.5 hours of work done by her attorney at the district court level at an enhanced rate of $140.00 per hour, for an award of $2,870.00.  Additionally, she seeks reimbursement of expenses in the amount of $195.22.

Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as the one entered in this case (docket entries #20, #21), is a prevailing party entitled to EAJA fees.  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The Commissioner does not contest Plaintiff's entitlement to an award of attorney's fees and expenses under the EAJA; however, she does object to the amount requested as excessive (docket entry #24).

The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved,

justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  See Pierce v. Underwood, 487 U.S. 552, 571 (1988).  Plaintiff's counsel seeks an hourly rate of $140.00, arguing that the statutory rate should be enhanced based on the increased cost of living as evidenced in the Consumer Price Index.  In cases filed by another attorney in this District, Anthony Bartels, the Commissioner has agreed to pay enhanced hourly rates for attorney work, based on an increased cost of living.[1]  The Court believes that, if an enhanced rate is awarded to one attorney representing social security claimants due to an increased cost of living, an enhanced rate should be awarded to other attorneys requesting an enhancement for the same reason.  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Eighth Circuit Court of Appeals admonished:

> Under ordinary circumstances, ... the cost of living affects each litigant within a judicial district to the same degree.  Proper proof of an increase in the cost of living should result in consistent hourly fee awards in each case, rather than disparate fee awards from each court within the district or from different courts within this circuit.

Id. at 505.

Therefore, to promote consistency in fee awards in this District, the Court finds that Plaintiff's counsel should be awarded the requested enhanced hourly rate of $140.00, based on the cost of living.

The Commissioner objects to compensation for attorney work associated with the preparation or processing of five separate motions for extension of time to file Plaintiff's

---

[1] The agreement is between The Bartels Law Firm and the Office of General Counsel, Region IV, Social Security Administration.  It is set forth in a letter dated November 21, 2002, a copy of which has been attached to Mr. Bartels' fee petitions in a number of cases in the Eastern District of Arkansas.  See, e.g., Arnold v. Barnhart, Case No. 3:01CV00278 (attached to docket entry #19).

brief.[2]  The disputed entries are either for drafting and transmitting motions for extension, or for reviewing the orders granting the motions.  Each one of Plaintiff's motions states basically the same reasons for counsel's request for an extension to file his brief.  In addition, as a reason for his delay, Plaintiff's counsel attached to three of his motions a copy of an article written by counsel that was published approximately a year before this case was filed.  The average length of his motions is 11.5 pages.  In denying the last motion (docket entry #14), the Court criticized counsel for ignoring deadlines and filing "overblown, lengthy and repetitious" motions for extension.  The Court agrees that Plaintiff's counsel should not be compensated for his own efforts at seeking and obtaining extensions of time.  See Bowman v. Secretary of H.H.S., 744 F. Supp. 898, 900 (E.D. Ark. 1989) (refusing to compensate counsel for obtaining extensions of time).  No compensation will be allowed for the time entries related to counsel's requests for extension, totaling 4.5 hours, as follows: 1/15/04 (1.0 hour); 2/27/04 (.25 hour); 3/22/04 (.50 hour); 3/22/04 (.25 hour); 4/21/04 (.25 hour); 5/17/04 (.50 hour); 6/10/04 (.25 hour); 6/28/04 (.25 hour); 7/8/04 (.25 hour); 7/9/04 (.25 hour); 7/12/04 (.50 hour); 7/28/04 (.25 hour).

The Commissioner's objection to the entry on 7/10/04 (.50 hour) is overruled.  This entry is for preparing a motion for summary judgment and reviewing the file, rather than preparing a motion for extension of time.[3]

---

[2] The Court's docket shows that, in addition to the time entries in counsel's itemization, counsel filed another motion for extension of time on February 23, 2004 (docket entry #6), and an amended motion for extension on May 26, 2004 (docket entry #11), for which no itemized entries appear.

[3] Although the Court's docket does not reflect a motion for summary judgment, the Court will give counsel the benefit of the doubt and assume that he is referring to his appeal brief, which he finalized the next day.

Next, the Commissioner objects to 2.75 hours of compensation for work performed by counsel which should be considered clerical.  Specifically she objects to the following entries:

| | | |
|---|---|---|
| 5/9/03 | Preparation of Summons and Cover sheet for Complaint.  Sent Complaint.  Review of file. | .75 |
| 6/30/03 | Letter to U.S. Attorney, SSA, and U.S. Attorney General enclosing Complaint.  Review of file. | .75 |
| 8/7/03 | Received and reviewed Notice of Availability from Eastern District Court.  Review of file. | .25 |
| 9/4/03 | Received and reviewed scheduling order.  Review of file. | .25 |
| 7/12/04 | Letter to District Court enclosing Appeal Brief.  Review of file. | .25 |
| 7/12/04 | Letter to U.S. Attorney enclosing Appeal Brief.  Review of file. | .25 |
| 8/20/04 | Client letter enclosing Defendant's Reply Brief.  Review of file. | .25 |

An attorney is not entitled to compensation under the EAJA for work which could have been done by support staff.  Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987); see Philipp v. ANR Freight System, Inc., 61 F.3d 669, 675 (8th Cir. 1995) (disallowing attorney time for performance of clerical duties). Purely clerical or secretarial tasks should not be billed at even a paralegal rate, regardless of who performs them.  Missouri v. Jenkins, 491 U.S. 274, 289 n.10 (1989).   Although some attorney time is justified as to the disputed entries for reviewing and instructing as to procedure, the Court agrees that having a routine cover letter prepared and signed should not take fifteen minutes of an attorney's time.  The Court thus will disallow .50 hour of the 6/30/03 entry,

4

and will disallow in full the entries on 7/12/04 (.50 hour) and 8/20/04 (.25 hour). The other disputed entries will be allowed.

Finally, the Commissioner objects to the total hours claimed as excessive, stating that Plaintiff's attorney chose to bill his time in no less than fifteen minute increments and ends each task with a description of his work as "Review of file." The Court agrees that using the quarter hour units and the "Review of file" notation has probably artificially inflated the time requested in this case. However, the Court believes that the other disallowances made in this order have adequately reduced the compensation to be awarded to counsel.

Accordingly, 14.75 hours will be allowed at an hourly rate of $140.00 for the attorney work performed in this case, for an EAJA fee award of $2,065.00.

Plaintiff also requests reimbursement of expenses. The Court may compensate "reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried." Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988). The Court finds that counsel should not be reimbursed for the copying expenses associated with his motions for extension of time ($11.80 [59 copies at 20 cents each]). Expenses in the amount of $183.42 will be approved.

Alternatively, Plaintiff's attorney seeks an award of fees under the Social Security Act (SSA), 42 U.S.C. § 406(b)(1), in the event the Court were to find that the Commissioner had substantial justification for her position. By raising no objections to Plaintiff's EAJA request, the Commissioner has not met her burden of establishing that her position was substantially justified or that an EAJA award would be unjust. Lauer v. Barnhart, 321 F.3d

762, 764 (8th Cir. 2003); Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988); Cornella v. Schweiker, 728 F.2d 978, 981-82, 985 (8th Cir. 1984). Therefore, Plaintiff's alternative SSA fee request is denied.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is granted as modified (docket entry #22[1-2]), and the portion of his motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), is denied.

(2) That Plaintiff's attorney is entitled to an attorney's fee in the amount of $2,065.00, together with expenses of $183.42, for a total of $2,248.42, all pursuant to the EAJA; and

(3) That the Commissioner is directed to certify and pay to Frederick S. Spencer, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 9th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE